

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Carlos C. Ashley
District Attorney
Llano, Texas

Attention:  Mr. A. G. Mueller

Dear Sir:

Opinion No. O-5378
Re:  Whether under facts stated
the ex-tax assessor-collect-
or of Llano County is en-
titled to certain commis-
sions.

Your request for opinion has been received and care-
fully considered by this department.  We quote from your re-
quest as follows:

"    ...

"During the years 1935, 1936, 1937, 1938, 1939,
1940, 1941 and 1942, the Tax Collector of Llano Coun-
ty, Texas, failed to collect the commissions due him
under the statute, for assessing the properties sit-
uated within the several Common School Districts of
Llano County.  All tax monies collected by him for
said school Districts during the said years were
placed in the County Depository, after a deduction
was made for collection thereof, but without a de-
duction being made for the assessment.

"The Tax Assessor-Collector retired from office
on January 1st, 1943, and his successor has quali-
fied and is now holding office.

"No formal claim has ever been filed for said
uncollected commissions, and no sworn statement was
made for any of said years as required by Article
3897 R. S.  No report was filed by the Collector
showing the said commissions due and uncollected.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Carlos C. Ashley, page 2

"Is there any way that the Tax Assessor-Collector may at this time be lawfully paid the aggregate claim for commissions due him by virtue of said assessments?

".  .  ..

Llano County has a population of 5996 inhabitants according to the 1940 Federal Census, and its county officials are compensated on a fee basis.

Article 2795, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The commissioners court, at the time of levying taxes for county purposes, shall also levy upon all taxable property within any common school district the rate of tax so voted if a specific rate has been voted; otherwise said court shall levy such a rate within the limit so voted as has been determined by the board of trustees of said district and the county superintendent and certified to said court by the county superintendent. If such tax has been voted after the levy of county taxes, it shall be levied at any meeting of said court prior to the delivery of the assessment rolls by the assessor. The tax assessor shall assess said tax as other taxes are assessed and make an abstract showing the amount of special taxes assessed against each school district in his county and furnish the same to the county superintendent on or before the first day of September of the year for which such taxes are assessed. The taxes levied upon the real property in said districts shall be a lien thereon and the same shall be sold for unpaid taxes in the manner and at the time of sales for State and county taxes. The tax collector shall collect said taxes as other taxes are collected. The tax assessor shall receive a commission of one-half of one per cent. for assessing such tax and the tax collector a commission of one-half of one per cent. for collecting the same. The tax collector shall pay all such taxes to the county treasurer, and said

Honorable Carlos C. Ashley, page 3

treasurer shall credit each school district with the amount belonging to it, and pay out the same in accordance with law. Acts 1921, p. 56." (Underscoring ours)

Article 3883, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; . . ."

Article 3891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). . . .

". . .."

Honorable Carlos C. Ashley, page 4

"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where the excess accrued.

"All fees due and not collected, as shown in the report required by Article 3897, shall be collected by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act.

"The compensations, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office. (As amended Acts 1930, 41st Leg., 4th C.S., p. 30, ch. 20; Acts 1931, 42nd Leg., p. 870, ch. 368; Acts 1933, 43rd Leg., p. 734, ch. 220, § 2; Acts 1935, 44th Leg., p. 752, ch. 327,) §1.)"

Honorable Carlos C. Ashley, page 5

Article 3892, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned. (As amended Acts 1930, 41st Leg., 4th C. S., p. 30, ch. 20, § 4.)" (Underscoring ours)

The above quoted statute became effective in 1930, prior to the earning of the commissions in question here.

Article 3897, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed

Honorable Carlos C. Ashley, page 6

with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office. (As amended Acts 1930, 41st Leg., 4th C.S., p. 30, ch. 29, § 5; Acts 1935, 44th Leg., 2nd C.S., p. 1762, ch. 465, § 9.)"

The case of Pierson v. Galveston County, 131 S.W. (2d) 27, held that a justice of the peace was not entitled to recover from a county items of expenses claimed for certain items during certain years in office where the justice did not render monthly statements of such expenses as required by Article 3899, V.A.C.S., but merely filed annual reports estimating the expenses in lump sum amounts. We quote from the court's opinion in said cause as follows:

"The manifest purpose of this statute was to provide a means of ascertaining the correctness of expense items each month as they are incurred. The actual expenses paid or incurred constitute the measure of the official's right to recoupment. The monthly itemization is for the protection of the county by affording a means of ascertaining the fact and amount of such claimed item of expense and whether it was properly chargeable as such. It is manifest from the annual reports and confirmed by the evidence that these expenses were merely estimated and a lump sum given each year. The statute would be of no value if its salutory provisions

could be evaded in this manner. We hold the items properly disallowed by the commissioners' court, and the trial court's judgment correct in denying recovery therefor."

We think it could likewise be said of Article 3892, supra, that before any delinquent fees could be collected under said article that as a condition precedent same must have been reported as delinquent fees within the time and manner required by law. The facts in this case reflect that this was not done.

It is our opinion that under the facts stated, the ex-tax assessor-collector is not now entitled to the commissions in question.

It will be noted further that your letter does not show whether the ex-tax assessor-collector collected the maximum fees allowed him by law (in this case - $3,000.00) each year. If he did that would be an additional reason for denying him such commissions.

There are perhaps additional reasons why such commissions could not now be legally paid to such ex-tax assessor-collector but it is not necessary to go into them here as the reason given above will amply suffice.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:db

APPROVED JUN 12, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN